**JOHN M. MAKOWSKI, ESQUIRE**
**Identification No.:  (J.M. 6103)**
**Greentree Executive Campus**
**4003 Lincoln Drive West**
**Suite C**
**Marlton, New Jersey  08053-1523**
**(856) 988-0002**

**Attorney for Plaintiffs**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(CAMDEN VICINAGE)

| | |
|---|---|
| **CHARLES A. DOLCEAMORE and GWENYTH DOLCEAMORE, his wife,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**HYATT CORPORATION,** a corporation in the State of Delaware**,** individually and t/a **HYATT REGENCY SAN ANTONIO, JOHN DOE A** through **Z, XYZ CORPORATION** and **RICHARD ROE CORPORATION, businesses of unknown organization,** jointly severally and in the alternative**,**<br><br>**Defendants.** | *CIVIL ACTION NO.*<br><br><br><br>**COMPLAINT**<br>AND<br>**DEMAND FOR JURY TRIAL** |

The Plaintiffs, CHARLES A. DOLCEAMORE and GWENYTH DOLCEAMORE, residing as indicated below, by way of Complaint against the Defendants, say:

1

## PARTIES

1. The Plaintiffs, CHARLES A. DOLCEAMORE and GWENYTH DOLCEAMORE, reside at 2508 Petitt Court, in the Township of Pennsauken, County of Camden and State of New Jersey and at all times hereinafter mentioned have been citizens of the State of New Jersey.

2. Upon knowledge and belief, the Defendant, HYATT CORPORATION, HEREINAFTER REFERRED TO AS "HYATT" is a corporation or other business entity incorporated in the State of Delaware and licensed to do business in the State of Texas and the State of New Jersey with principal offices located at 71 South Wacker Drive, in the City of Chicago and State of Illinois. The Defendant, Hyatt, owns and/or operates and/or provides employees for the Hyatt Regency San Antonio.

3. Upon knowledge and belief, the Defendant, XYZ CORPORATION is a corporation or other business entity charged with the responsibility of hiring, training and providing employees to assist customers and guests at the Hyatt Regency San Antonio owned and/or operated by the Defendant, HYATT CORPORATION.

4. Upon knowledge and belief, the Defendant, RICHARD ROE CORPORATION is a corporation or other business entity that owns the property located at 123 Losoya Street, in the City of San Antonio and State of Texas and responsible for the construction, replacement, maintenance and/or repair of the sidewalks and curbs of the property operated by the Defendant, HYATT CORPORATION.

5. At all times material hereto and upon knowledge and belief the Defendants, JOHN DOE A THROUGH Z, were acting in their capacity as the agents, workmen and/or employees of the Defendants, HYATT CORPORATION, XYZ CORPORATION and/or RICHARD ROE CORPORATION.

## JURISDICTION AND VENUE

6. The matter in controversy herein exceeds, exclusive of interest and costs, the sum of $75,000.00. Jurisdiction is based on diversity of citizenship in accordance with 28 *U.S.C.* 1332(a) and venue is proper pursuant to 28 *U.S.C.* 1391(a)&(c).

## FIRST COUNT

7. On or about April 13, 2005, the Plaintiff, CHARLES A. DOLCEAMORE was a business invitee of the Defendant, HYATT and/or RICHARD ROE CORPORATION on the property which they own and/or lease and known as the Hyatt Regency San Antonio located at 123 Losoya Street, in the City of San Antonio and State of Texas. The Defendants, JOHN DOE A THROUGH Z were charged with the responsibility of assisting business invitees and/or guests with loading, unloading and/or transporting baggage and/or securing baggage carts. On the same date, the Plaintiff was returning from playing a round of golf and had exited a taxi cab outside of the Hyatt Regency San Antonio when employees of the Defendant, HYATT and/or the Defendant, XYZ CORPORATION and/or RICHARD ROE CORPORATION permitted and/or caused two (2) baggage carts to break loose and strike the Plaintiff thereby forcing him into the parked taxi cab. The Plaintiff's accident was due to the negligence of the Defendants who created and/or

maintained and/or failed to clear and/or correct and/or remove a hazardous condition from the property.

      8.  The Defendants were negligent in that they:

      (a)  Knew that this hazardous condition existed prior to the accident and failed to use reasonable care in correcting the condition or warning the Plaintiff;

      (b)  Did not keep the premises in a safe condition;

      (c)  Did not exercise proper care;

      (d)  Caused a dangerous and hazardous condition to exist;

      (e)  Allowed a nuisance to exist;

      (f)  Failed to provide proper safeguards and/or warnings on the property;

      (g)  Failed to provide safe and clear access for persons allowed and invited to use the property;  and

      (h)  Were otherwise negligent in the premises.

      9.  As a direct and proximate cause of the carelessness and negligence of the Defendants as aforesaid, the Plaintiff, CHARLES A. DOLCEAMORE, sustained severe physical injuries, has incurred and in the future will incur expenses for the treatment of said injury, has been disabled and in the future will be disabled and unable to perform her usual functions, has been caused and in the future will be caused great pain and suffering, to his great loss and damage.

WHEREFORE, the Plaintiff, CHARLES A. DOLCEAMORE, demands judgment on the First Count against the Defendants, HYATT CORPORATION, JOHN DOE, XYZ CORPORATION and RICHARD ROE CORPORATION, for compensatory damages, together with interest, attorney's fees and costs of suit.

## SECOND COUNT

The Plaintiffs hereby repeat each and every allegation contained in the First Count of the Complaint as if fully set forth herein.

1. The Plaintiff, GWENYTH DOLCEAMORE is the wife of CHARLES A. DOLCEAMORE, the injured Plaintiff.

2. As a direct and proximate result of the carelessness and negligence of the Defendants as aforesaid and the injuries to the Plaintiff, CHARLES A. DOLCEAMORE, the Plaintiff, GWENYTH DOLCEAMORE has been deprived of the consortium and services of her husband.

WHEREFORE, the Plaintiff, GWENYTH DOLCEAMORE, demands judgment on the Second Count against the Defendants, HYATT CORPORATION, JOHN DOE, XYZ CORPORATION and RICHARD ROE CORPORATION, for damages, together with interest, attorney's fees and costs of suit.

## THIRD COUNT

1. The Plaintiffs hereby repeats each and every allegation contained in the First and Second Count of the Complaint as if fully set forth herein.

2. As a direct and proximate result of the negligence of the Defendants as aforesaid, the Plaintiff, CHARLES A. DOLCEAMORE, was and will be obliged to expend large sums of money in an endeavor to treat and cure the injuries sustained by him.

WHEREFORE, the Plaintiff, CHARLES A. DOLCEAMORE, demands judgment on the Second Count against the Defendants, HYATT CORPORATION, JOHN DOE, XYZ CORPORATION and RICHARD ROE CORPORATION, for damages, together with interest, attorney's fees and costs of suit.

Dated:  **April 9, 2007**               **s/ John M. Makowski**
                                        JOHN M. MAKOWSKI, ESQUIRE
                                        GREENTREE EXECUTIVE CAMPUS
                                        4003 LINCOLN DRIVE WEST
                                        SUITE C
                                        MARLTON, NEW JERSEY 08053-1523
                                        856-988-0002
                                        FAX: 856-988-0922
                                        Attorney for Plaintiffs, CHARLES A. DOLCEAMORE, ET UX

## JURY DEMAND

Pursuant to F.R.C.P. 38(b), the Plaintiffs, CHARLES A. DOLCEAMORE and GWENYTH DOLCEAMORE, hereby demand a trial by jury as to all issues.

**Dated:  April 9, 2007**          **s/ John M. Makowski**
                                   **JOHN M. MAKOWSKI, ESQUIRE**
                                   **Attorney for Plaintiffs, CHARLES A. DOLCEAMORE, ET UX**

## CERTIFICATION

JOHN M. MAKOWSKI, ESQUIRE, hereby certifies that there are no other actions or arbitrations pending or contemplated involving the subject matter of this controversy at this time, and that there are no additional known parties who should be joined to the present action at this time.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**Dated:  April 9, 2007**          **s/ John M. Makowski**
                                   **JOHN M. MAKOWSKI, ESQUIRE**
                                   **Attorney for Plaintiffs, CHARLES A. DOLCEAMORE, ET UX**

## NOTICE PURSUANT TO F.R.C.P. RULE 5 AND 31(C)

PLEASE TAKE NOTICE that the undersigned attorney for the Plaintiffs, CHARLES A. DOLCEAMORE and GWENYTH DOLCEAMORE, hereby demands that each party herein serving pleadings and/or interrogatories and/or receiving papers thereto serve copies of all such pleadings and answered interrogatories received from any party upon the undersigned and TAKE FURTHER NOTICE THAT THIS IS A CONTINUING DEMAND.

Dated:  April 9, 2007                                  s/ John M. Makowski
                                                                       JOHN M. MAKOWSKI, ESQUIRE
                                                                       Attorney for Plaintiffs, CHARLES A. DOLCEAMORE, ET UX

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to F.R.C.P. 26(b)(2), demand is herby made that the Defendant(s) disclose to the undersigned whether there are any insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy judgment.

9

If so, attach a copy of each policy or agreement, or in the alternative state, under oath or certification:  (a) policy number; (b) name and address of insurer or issuer; (c) inception and expiration dates;  (d) names and addresses of all persons/entities covered;  (e) personal injury limits;  (f) property damage limits;  and (g) medical payment limits.


**Dated:  April 9, 2007**                              <u>**s/ John M. Makowski**</u>
                                                               **JOHN M. MAKOWSKI, ESQUIRE**
                                                               **GREENTREE EXECUTIVE CAMPUS**
                                                               **4003 LINCOLN DRIVE WEST**
                                                               **SUITE C**
                                                               **MARLTON, NEW JERSEY 08053-1523**
                                                               **856-988-0002**
                                                               **FAX:  856-988-0922**
                                                               **Attorney for Plaintiffs, CHARLES A. DOLCEAMORE, ET UX**